**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROSA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-1003-BL-CWB** |
| | ) | |
| **USDA RURAL DEVELOPMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.      Background**

Rosa Smith, who is proceeding *pro se*, filed this action on December 19, 2025 in the Circuit Court of Lowndes County, Alabama to request declaratory and injunctive relief aimed at preventing a foreclosure by "USDA Rural Development … formerly operating as Farmers Home Administration." (*See* Doc. 1-1 at p. 2). Following a temporary restraining order, proceedings were removed to this court by the Government under 28 U.S.C. § 1442(a)(1).[1] (*See id*. at p. 13; *see also* Doc. 1). The Government thereafter moved to have the proceedings dismissed on grounds that Smith had not properly exhausted mandatory administrative remedies. (*See* Docs. 19 & 20). By Order entered June 17, 2026 (*see* Doc. 21), Smith was directed to show cause as to why these proceedings indeed should not be dismissed and was instructed specifically to address whether administrative review was pursued. Smith timely filed a response but made no representation therein that administrative remedies were exhausted. (*See* Doc. 22). After careful review and consideration of the underlying circumstances and statutory framework, the Magistrate Judge will recommend a dismissal without prejudice.

---

[1]  Removal jurisdiction exists as to claims brought against an agency of the United States.

## II. Legal Standard

Exhaustion of administrative remedies is deemed a matter in abatement that should be raised in a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 at 78 n.15 (3d ed. 2004)). In determining whether an exhaustion requirement has been satisfied, a court may consider facts outside of the pleadings and resolve factual disputes unrelated to the merits. *See id*. at 1374 ("Instances exist—such as those involving jurisdictional issues—when judges may resolve factual questions. One such instance is when a judge must decide a motion to dismiss for failure to exhaust nonjudicial remedies.") (citation omitted); *see also id*. at 1376 ("Where exhaustion … is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.") (citations omitted).

A court encountering a question of administrative exhaustion should engage in a two-step process:

> First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. … If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies. …

*Basel v. Sec'y of Def.*, 507 F. App'x 873, 874-75 (11th Cir. 2013) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008)). Application of that process here yields the conclusion that Smith has failed to exhaust administrative remedies as necessary for prosecuting a claim for judicial review.

### III.    Discussion

This dispute arises out of a loan memorialized in a Promissory Note dated June 17, 1992. (*See* Doc. 20-1).  By its terms, the Promissory Note was "given as evidence of a loan … made or insured by the Government pursuant to the Title V of the Housing Act of 1949" and was intended to be "subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof."  (*Id*. at p. 3).  The portion of the Housing Act of 1949 applicable to "Farm Housing" is codified at 42 U.S.C. § 1471 *et seq*., and its associated regulations for single-family residential loans are set out in 7 C.F.R. § 3550.1 *et seq.* The direct single family housing loan programs are operated by the Rural Housing Service of the U.S. Department of Agriculture.  *See* 7 C.F.R. § 3550.1.

As pertinent here, a party aggrieved by an adverse decision of the Rural Housing Service may appeal to the National Appeals Division.  *See* 7 C.F.R. § 3550.4; *see also id.* at § 11 *et seq.* Only after exhaustion of available administrative remedies may a party seek judicial review. *See* 7 U.S.C. § 6912(e) ("Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against— (1) the Secretary [of Agriculture]; (2) the Department [of Agriculture]; or (3) an agency, office, officer, or employee of the Department [of Agriculture]."); 7 U.S.C. § 11.2(b) ("[P]rogram participants shall seek review of an adverse decision before a Hearing Officer of the Division, and may seek further review by the Director, under the provisions of this part prior to seeking judicial review."); 7 C.F.R. § 11.13(b) ("An appellant may not seek judicial review of any agency adverse decision appealable under this part without receiving a final determination from the Division pursuant to the procedures of this part.").

The Eleventh Circuit has recognized that the applicable regulations "require claimants to exhaust the NAD's administrative appeal procedures prior to seeking judicial review." *Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1255 (11th Cir. 2007) (citing 7 C.F.R. §§ 11.2(b) & 11.13(b)). So too has this court. *See Randolph Cnty. Equine & Agric. Ass'n, Inc. v. U.S. Dep't of Agric.*, No. 3:24-cv-202, 2025 WL 2383410, at *3 (M.D. Ala. Aug. 15, 2025) ("Congress often requires litigants to exhaust their administrative remedies prior to challenging agency action in federal court. It has done so with the USDA."). But Smith has offered nothing to demonstrate that she satisfied that obligation—despite having been afforded the opportunity and expressly directed to "address whether she has sought any review from the National Appeals Division." (*See* Doc. 21). And the statutory framework does not allow the exhaustion requirement to be circumvented. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) ("[A] statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion."); *see also Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 780 (11th Cir. 2002) (stating that "judge-made exceptions do not apply … to a statutorily-mandated exhaustion requirement"); *Randolph*, 2025 WL 2383410 at *4-5 (concluding that § 6912 contemplates no exceptions and thus cannot be excused by the court). A dismissal without prejudice thus is warranted. *See Miller v. Pryer*, 315 F. App'x 149, 150 (11th Cir. 2008) ("Since Miller has not exhausted his administrative remedies available under that grievance procedure, the district court properly dismissed his complaint without prejudice.").[2]

---

[2]  The court finds that Smith was informed of her appeal rights, as well as the procedure for invoking them. (*See* Docs. 20-3 & 20-4). The court further finds that Smith failed to pursue those rights as a necessary precondition to seeking judicial review. (*See* Doc. 20 at p. 7).

4

### III.    Conclusion

Because Smith does not dispute that she failed to exhaust all administrative remedies as rendered mandatory by 7 U.S.C. § 6912(e), she cannot be permitted to obtain judicial review of the challenged agency action.  Accordingly, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that the previously entered temporary restraining order be dissolved and that these proceedings be dismissed without prejudice.

 It is **ORDERED** that all objections to this Recommendation must be filed no later than **July 27, 2026**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 13th day of July 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

5